STATE OF MAINE

YORK, ss.

RECEIVED

2005 JAN 18 A 11: 00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-041

YORK COUNTY PROBATE COURT,

Plaintiff

v.

JAMES D. ATWOOD, COUNTY
TREASURER, and BOARD OF
YORK COUNTY COMMMISSIONERS,

Defendants

**DECISION ON MOTION
TO DISMISS**

JAN 24 2005

This matter comes before the court on the motion to dismiss filed by the

defendants in this action. This motion was referenced in the court's order dated

January 3, 2005. The motion had already been briefed and oral presentations were

entertained telephonically.

**Background**

This action is the last active case out of four concerning the York County Judge of

Probate, Register of Probate, Treasurer and Board of Commissioners. Two of the four

cases were effectively dismissed by the Supreme Judicial Court on appeal, and one was

dismissed as moot by this court in its December 3rd order. This fourth action was not

reported to the Supreme Judicial Court, though that court was aware of its pending

status. The court will consider the motion to dismiss count-by-count.[1]

---

[1] In its memorandum, the plaintiff attempts to raise issues which were not included in its amended complaint, such as application of Maine's Open Meeting Law. These issues will not be entertained. Although earlier proceedings were stayed while the related cases were being considered by the Supreme Judicial Court, the plaintiff has had adequate opportunity to amend its complaint to include these issues since then and has failed to do so.

**Count I**

In Count I of its substituted verified complaint, the plaintiff seeks relief against defendant County Treasurer, in the nature of mandamus, to have the Treasurer ordered to follow instructions by the Judge of the Probate Court concerning payment of portion of the Probate Register's salary to staff members within the Register's office to whom her duties were reassigned by the Judge. The background for all three counts in the complaint has been adequately set forth in previous orders of this court and in the Decision of the Supreme Judicial Court in *York Register of Probate v. York County Probate Court, et al.*, 2004 ME 58, 847 A.2d 395, and will not be repeated in depth. In a nutshell, the Judge of Probate became concerned about what he felt were deficiencies in the Register's job performance to the point that eventually he reassigned several of the Register's duties to the Deputy Register, pursuant to 18-A M.R.S.A. § 1-508 (1998). The Judge then certified this reassignment of duties to the County Treasurer, and the Treasurer adjusted the salaries of both the Register and her deputy to reflect this reassignment. Approximately a year later, the Judge of Probate again reassigned duties, this time involving other staff members, and again sent certification of the reassignments to the Treasurer. This time the County Treasurer did not adjust the pay, stating as part of his rationale, that he would first have to bargain with the union concerning change in pay with regard to some employees who were union members. The union has acknowledged understanding of these proposed changes in salary as being authorized by statute, but does wish to bargain over the "impact" of the changes.

Accompanying the present suit were three other actions arising out of the same conflict between the Judge and Register of Probate in York County. These three actions were dismissed by the Superior Court for lack of jurisdiction, but the jurisdictional question was certified on report to the Supreme Judicial Court. In the *York Register of*

*Probate* decision cited above, that Court accepted the report of the Superior Court and concluded that the Superior Court does have jurisdiction over the original complaint in the suit brought by the Register of Probate. However, that court also ordered dismissal of the other two cases as an improper use of the court's contempt power to deal with administrative and supervisory issues. The one other suit in which the court noted jurisdiction by the Superior Court, the complaint has now been dismissed as moot since the York Register of Probate's term of office has now expired and she did not run for re-election.

In their motion to dismiss, the defendants make several arguments. First, they argue that, like the *York Register of Probate* decision, this action is also moot. The court does not agree. Since the Register of Probate is not a party in this particular proceeding, any change in the Register's circumstances would not render the decision in this matter moot. The Law Court has noted that the extent of the authority of the Judge of Probate pursuant to 18-A M.R.S.A. § 1-508 is at issue and that the Superior Court is the proper venue as trial court. The Supreme Judicial Court also noted that, ". . . there is no statutory authority for a Judge of Probate or a Probate Court to directly reduce or redistribute the salary of a Register of Probate. The statute grants that authority only to the County Treasurer." *Id.* at ¶ 19. But the court then indicated in addition that the Superior Court has the jurisdiction to determine whether section 1-508 requires the Treasurer to act on the certification of the Judge of Probate. Therefore, to the extent that count I of the complaint concerns the Treasurer's duties, the motion to dismiss will be denied.

### Count II

In count II, the plaintiff seeks an order instructing the County to provide or at least pay for the Probate Court's legal representation. The plaintiff cites no persuasive

law that he is entitled to such legal representation or reimbursement under Maine statute. However case law indicates that Judges of Probate are not county officers and not subject to the Commissioners' control. *Hart v. County of Sagadahoc*, 609 A.2d 282, 284 (Me. 1992)[2]. The Supreme Judicial Court decided in the recent appeal on the companion cases that the County was not required to pay the Probate Judge any legal expenses because the Judge's attempt to enforce his orders with regard to the Register and the Treasurer and Board of Commissioners was improperly initiated. Further, in the *Hart* case, the Court pointed out that the County has no responsibility or liability for the consequences of actions of the Judge of Probate and, therefore, no responsibility for legal representation. *Hart* at 284. For either or both reasons, the court agrees with the defendants that the plaintiff's request legal representation or reimbursement must fail as a matter of law, and the motion to dismiss will be granted as to count II.

### Count III

Count III of the complaint concerns an issue of what public officer – the Judge of Probate or the Register of Probate – should be recognized as the "head" of the York County Probate "department" at official meetings. The defendants call this issue to be "abstract proposition" which courts do not decide, citing *Hazard v. Westview Golf Club*, 217 A.2d 217 (Me. 1966).

This issue appears to have arisen as a result of discussions of the Board of Commissioners in which at least one member of the Board indicated that he did not have to listen to the Judge of Probate since that Judge was not the "head" of the Probate "department" in the sense of a department of county government. This is really a political question, not a legal one. Although the Judge of Probate does have certain

---

[2] To the extent that Judges of Probate are State officials, it is possible that legal representation may be available through the Office of the Attorney General. 5 M.R.S.A. § 191.

administrative and supervisory responsibilities under the statute, both he and the Register are duly and separately elected public officials. The Register is a county official. The Judge is not. Normally one might expect that these two officials would be able to work in harmony for the well-being of the citizens of the County but in those cases in which there is a difference of opinion and it becomes an issue before the Board of Commissioners, it is up to that Board to weigh all points of view. The law simply does not state that one voice gets to speak to the exclusion of all other voices on issues concerning non-judicial functions of the Probate Court, if that is what is meant as being the "head". Since this is not a justiciable issue, count III will also be dismissed.

For the reasons stated above, the entry will be:

The defendants' motion to dismiss is GRANTED as to counts II and III, but DENIED as to count I of the plaintiff's complaint.

Dated: January 13, 2005

_____
S. Kirk Studstrup
Justice, Superior Court

Robert M. A. Nadeau, Esq. — PL
Gene Libby, Esq. — DEF

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-041

RECEIVED

2005 MAY 11 A 10: 25

COURT OF YORK
CLERK OF YORK

YORK COUNTY PROBATE COURT,

    Plaintiff

v.

**JUDGMENT**

JAMES D. ATWOOD and
BOARD OF YORK COUNTY
COMMISSIONERS,

    Defendants


This matter comes before the court only on count I of the substituted verified complaint. All other counts and all other actions involving these parties have now been dismissed. (For dismissal of counts II and III of this action, *see* this court's order dated January 13, 2005.) The sole remaining issue before the court concerns the applicability of Title 18-A M.R.S.A. § 1-508 and the relative roles and authority of the respective parties in this situation.

There originally was a question concerning the Superior Court's jurisdiction vis-à-vis this matter involving the Probate Court. However, the Supreme Judicial Court has resolved that issue stating:

> The Superior Court has the jurisdiction to consider the powers of the Judge of Probate, the Treasurer and the County Commissioners pursuant to section 1-508, and whether, and to what extent, the statute *requires* that the Treasurer act on the certification of the Judge of Probate. 14 M.R.S.A. § 5301.

*York Register of Probate v. York County Probate Court, et al.,* 2004 ME 58, ¶ 19, 847 A.2d 395 (emphasis in the original). That Court then remanded to the Superior Court "for further proceedings consistent with this opinion."

## Background

This matter comes before the court as part of the continuing saga involving the York County Probate Court -- in the person of the York County Judge of Probate -- and a variety of county officials including the York County Register of Probate, the County Treasurer and Board of County Commissioners. The factual background has been set forth several times before, including most recently by the Law Court, and will not be repeated in detail. It will suffice for purposes of this decision to repeat the first paragraph of the Supreme Judicial Court's background, as follows:

> In November of 2000, Diana Dennett was elected to a four-year term as York County Register of Probate, and took office in January of 2001. After months of what Probate Judge Nadeau characterized as deficiencies in Dennett's job performance, on November 1, 2001, Nadeau reassigned several of the duties of the Register to the Deputy Register, Carol Lovejoy. Pursuant to 18-A M.R.S.A. § 1-508 (1998), Nadeau certified this reassignment in a letter to Treasurer James Atwood. After receiving Nadeau's certification and pursuant to section 1-508, Atwood began to pay the salary of the Register of Probate, $42,558, to Lovejoy, and to pay the salary of the Deputy Register, $36,828, to Dennett. On November 27, 2002, again purportedly pursuant to section 1-508, Nadeau sent another certification to Atwood that directed him to reduce Dennett's salary by an additional $14,354.60, and to redistribute that portion of Dennett's salary among other Probate Registry employees. Atwood did not act on Nadeau's directive.

*Id.* at ¶ 2. The subject of the present decision is the judge's request for an order of this court, in the nature of a writ of mandamus, directing the County Treasurer to comply with the second certification. Whether such order would be appropriate depends upon a determination of the Treasurer's duties under the statute.

Also for background purposes, the pending question must be considered within the context of the greater issue which has given rise to this series of litigation, namely, the nature and extent of any administrative authority or powers possessed by a Judge of Probate. Under the Probate Code, it is provided that, "The register shall be subject to

the supervision and authority of the judge of the court in which such register serves." 18-A M.R.S.A. § 1-305. It also provides that, "Every judge of probate shall constantly inspect the conduct of the register with respect to his records and the duties of his office, and give information in writing of any breach of his bond to the treasurer of his county, who shall bring civil action." 18-A M.R.S.A. § 1-507. Therefore, it is clear that the Legislature has placed upon the probate judge an administrative and supervisory obligation with regard to the register and the operations of the court. What is less clear is what authority or power, if any, has been invested in these judges to enable them to meet this obligation.

As the result of the first litigation in this series, it is clear that the judge may not **use his contempt powers for administrative purposes.** It also is clear from the Constitution that the judge cannot remove a register from office since both the judge and register are officials whose terms of office are set by the Constitution (Me. Const. art. VII, § 6), and, as a result, neither may be removed from office except by impeachment or address of the Legislature. *Opinion of the Justices*, 343 A.2d 196 (Me. 1975). But despite the fact that the judge cannot remove the register from office, section 1-508 might give the judge some leverage in administrative matters, depending on whether the judge can count on the salary adjustment being made.

### Discussion

Before addressing the merits, the court must consider the defendants' argument that count I is now moot because the Register of Probate in York County did not run for re-election and is no longer in office. The court disagrees for two reasons. First, as noted by the Supreme Judicial Court, the issue is a serious one which is very likely to be repeated. The parties deserve a decision on the issue even if it would have no practical significance as far as the previous register at this time. Second, whether or not the

previous register is a party, the issue of whether the treasurer is required to act upon the judge's certification remains a live issue in this case since the second set of salary adjustments have not taken place. For both reasons, the court will address the issue.

Title 18-A M.R.S.A. § 1-508 reads:

> When a register is unable to perform his duties or neglects them, the judge shall certify such inability or neglect to the county treasurer, the time of its commencement and termination, and what person has performed the duties for the time. Such person shall be paid by the treasurer in proportion to the time that he has served and the amount shall be deducted from the register's salary.

The Supreme Judicial Court has already commented with regard to section 1-508 that, "[T]here is no statutory authority for a Judge of Probate or Probate Court to directly reduce or redistribute the salary of a register of probate. The statute grants that authority only to the County Treasurer." *York Register of Probate* at ¶ 19. The issue is whether the judge may accomplish the same end *indirectly* through his certification, depending upon whether the county treasurer has any discretion.

In order to trigger the procedures set forth in section 1-508, someone has to determine that the register is unable to perform his duties or is neglecting those duties. Though not stated, it is implicit in the statute that this someone would be the judge, who then would make the certification to the county treasurer. To that extent, the process is within the control of the judge. However, once the certification is made, the judge has no further authority or role in the process. The judge argues that the treasurer has no discretion with regard to the certification and must make the adjustments in salary as certified. As the plaintiff argues, the statute uses the word "shall" twice, indicating that the treasurer's actions are mandatory or ministerial, without any discretionary element. However, this may depend upon the circumstances.

Ordinarily, if a register becomes unable to perform his duties or neglects them or is absent or is there is a vacancy in the office, the Probate Code anticipates that the deputy register of probate would take the register's place and act as register for all purposes. 18-A M.R.S.A. § 1-506. If there is a deputy, he is appointed by the register and has all the same authority in terms of performing the duties of the register. The deputy gives the same bond to the county as does the register. Neither ffice wold be subject to collective bargaining. The judge has the authority to appoint a register pro tempore, but only in cases where there is no deputy or where there is a vacancy in the office, as opposed to an absence from office.

Reading sections 1-506 and 1-508 together, if the judge believes the register is unable to perform his duties or neglects them, the deputy would assume those duties and the judge would certify this fact to the treasurer so that the salaries may be adjusted. This is precisely what happened in the first certification in the present case. In that situation, the provisions of section 1-508 allow the treasurer to make the adjustment without requiring the usual authorization of the county commissioners. 30-A M.R.S.A. § 173 & 102.

In the event that there is no deputy register, the judge would appoint a suitable person to fill in for the register until the register resumes his duties or another is qualified. However, the statutes do not seem to anticipate the type of reassignment of the register's duties among several other registry staff members such as was done in the present case. Unlike the deputy register, other registry employees do not have the same statutory authority to act on behalf of the register, are hired through an entirely different process, and may be working, as in York County, under a collective bargaining agreement. This is a more complex situation and much more likely to entail the exercise of the county commissioners' final authority over the operation of county offices, unless

there is a County Personnel Board. 30-A M.R.S.A. § 102. Therefore, the court concludes that under these circumstances – as represented by the second certification – the county treasurer would be well within his responsibilities and discretion to at least seek guidance from the county commissioners, and implementation of the judge's certification should not be an automatic, ministerial act.

In summary, the court finds the statutory procedures have been properly and appropriately followed in this case. When the judge made his determination under section 1-508 and made his certification to the treasurer indicating the deputy's assumption of many of the register's duties, the treasurer implemented that certification and made the salary adjustments. However, when the certification involved registry employees other than the deputy, the treasurer properly withheld action and sought guidance from the county commissioners.

In light of the foregoing, the entry will be:

Judgment on count I for the defendants.

Dated: May 10, 2005

S. Kirk Studstrup
Justice, Superior Court

ROBERT M. A. NADEAU, ESQ. – PL
GENE LIBBY, ESQ. _ DEF